UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                          CASE NO.  8:89-CR-3-T-17MAP

JOHNNIE EARL GRUBBS, JR.

        Defendant.

_____/


ORDER

This cause is before the Court on:

Dkt. 368        Writ of Error Coram Nobis
Dkt. 369        Motion to Expedite

Petitioner Grubbs has filed a Writ of Error Coram Nobis pursuant to 28 U.S.C. Sec. 1651(a).  Petitioner Grubbs seeks to set aside Petitioner's alleged illegal conviction and/or sentence imposed in an illegal manner, and requests that the Court declare the judgment void due to constitutional violations of the Fifth, Sixth and Fourteenth Amendments.

After a jury trial (7/31/1999-8/2/1999), Petitioner Grubbs was found guilty on Count I of the Indictment, violation of 21 U.S.C. Sec. 841(a)(1), knowing and intentional distribution of five grams or more of crack cocaine.  Petitioner Grubbs was sentenced on 11/9/1989, and the Judgment and Commitment was entered on 11/13/1999. (Dkt. 126).  Petitioner Grubbs was represented by counsel from 1/13/1989 (Dkt. 3) until 3/7/1990. (Dkt. 147).  The Federal Public Defender  later appeared on behalf of Petitioner  for the purpose of seeking a reduction in sentence.  (Dkt. 359).

Case No. 8:89-CR-3-T-17

The Court found it difficult to understand Petitioner's allegations, and summarizes the Court's understanding of the issues Petitioner Grubbs has included in his petition:

> 1.  Alleged prosecutorial misconduct by AUSA Downing, by not disclosing exculpatory information before and during trial;
>
> 2.  Alleged conspiracy by Detective Rolon, Detective Shelly, FBI Agent Ulrich and AUSA Downing to prevent Petitioner from obtaining public records which comprise impeachment evidence and exculpatory evidence, concerning an auto accident in which Detective Rolon was involved during surveillance of the incident for which Petitioner was indicted;
>
> 3.  Alleged failure to disclose impeachment evidence by Detective Lindsay and Agent Ulrich in performing first aid at the scene of Detective Rolon's accident;
>
> 4.  Alleged failure to disclose exculpatory evidence by not providing the names of the passengers involved in Detective Rolon's auto accident;
>
> 5.  Alleged failure to disclose impeachment evidence and/or exculpatory evidence by Detective Shelly as to Detective Shelly's alleged failure to make a chain of custody report for evidence of the drugs at the scene of crime for which Petitioner was indicted;
>
> 6.  Alleged failure to disclose exculpatory evidence of test results from Detective Shelly of the fact of the purchase of the drug submitted by Agent Charlotte Benal and approved by "Agent Mark ???" from Robert Earl Lee (Defendant in Case No. 89-4-CR-T-17) which was supplied to U.S. Probation Office and submitted in the PSI report;
>
> 7.  Alleged understanding of Petitioner's counsel, William P. Murphy, with AUSA Downing, not to object to Government's offer of evidence.  Attorney William P. Murphy allegedly abandoned Petitioner during trial, impairing Petitioner's right to have effective counsel.

I. Standard of Review

2

Case No. 8:89-CR-3-T-17

The decision to grant an injunction, including an injunction under the All Writs Act, is subject to review for abuse of discretion.  This scope of review will lead to reversal only if the district court applies an incorrect legal standard, or applies improper procedures, or relies on clearly erroneous factfinding, or if it reaches a conclusion that is clearly unreasonable or incorrect.  Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1096 (11th Cir. 2004); Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1309 (11th Cir.2001).  Short of that, the abuse of discretion standard recognizes there is a range of choice within which [the Court] will not reverse the district court even if [the Court] might have reached a different decision. See McMahan v. Toto, 256 F.3d 1120, 1128 (11th Cir. 2001); Rasbury v. Internal Revenue Serv. (In re Rasbury), 24 F.3d 159, 168-69 (11th Cir.1994).

II. Discussion

The writ of error coram nobis is an extraordinary remedy of last resort available in compelling circumstances where necessary to achieve justice.  See U.S. v. Obasohan, 318 Fed. Appx. 798, 800 (11th Cir. 2009)(citing U.S. v. Mills, 221 F.3d 1201, 1203 (11th Cir. 2000)).  To qualify for coram nobis relief, a petitioner must show: 1) that there is and was no other available avenue of relief; and 2) the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid.  See Alikhani v. U.S., 200 F.3d 732, 734 (11th Cir. 2000)(internal quotation marks and citation omitted). A district court "may consider coram nobis petitions only where no other remedy is available and the petitioner presents sound reasons for failing to seek relief earlier." Mills, 221 F.3d at 1204.

A.  Prior litigation

After the final judgment was entered in Case No. 8:89-CR-3-T-17MAP, USA v.

Case No. 8:89-CR-3-T-17

Johnnie Earl Grubbs, Jr., Petitioner Grubbs filed a Notice of Appeal.  Petitioner has also
filed Sec. 2255 petitions, Sec. 2241 petitions, other civil complaints, and motions to
modify sentence pursuant to 18 U.S.C. Sec. 3582(c)(2), and Petitioner has appealed
the adverse decisions on those petitions, cases and motions.   The Court has attached
a copy of the docket for Case No. 89-CR-3-T-17MAP, and other cases, for reference.
The Court notes the other cases Petitioner Grubbs has filed:

| | |
|---|---|
| 8:89-CV-1575-T-17 | John Earl Grubbs, Jr. v. USA |
| | Sec. 2255 petition.  Petition denied and case dismissed.  (Dkt. 2).  Case reopened, de novo review of petition and supplements.  (Dkt. 5).  Petition denied.  (Dkt. 6).  Sentence upheld.  (Dkt. 9). Petitioner filed mandamus; USCA denied.  (Dkt. 10). |
| 3:98-CV-918RWN | Grubbs v. Bishop et al. |
| | Pro se civil rights complaint; transferred to Tampa. |
| 8:98-CV-1916-T-24F | Grubbs v. Bishop et al. |
| | Pro se civil rights complaint against U.S. Probation Officers and Bureau of Prisons for allegedly intentionally including detrimental, inaccurate information in 1989 PSI, for alleged violation of Fifth Amendment, alleged conspiracy to deprive Grubbs of civil rights, alleged violation of Thirteenth Amendment as Plaintiff was not duly convicted or sentenced in criminal case.  (Dkt. 6).  Case dismissed because Plaintiff Grubbs did not demonstrate his conviction or sentence has already been invalidated; Plaintiff's claims had not yet accrued.  (Dkt. 9). |
| 8:99-CV-1237-T-17EAJ | Grubbs v. USA |
| | Habeas corpus petition (Dkt. 1) and Emergency Petition for Writ of Mandamus (Dkt. 2).  Petitioner alleges an illegal judgment in Case No. 89-CR-3-T-17, |

Case No. 8:89-CR-3-T-17

and an illegal sentence, based on challenge to amount of cocaine, alleging conflict between testimony of chemist at trial and amount in PSI report. (Dkt. 2).   Case dismissed without prejudice pursuant to Local Rule 1.03(e).  (Dkt. 7).

5:00-CV-239-OC-10          Grubbs v. Parks

Habeas corpus petition based 4 grounds: 1) actual innocence; 2) 13 grams of cocaine base alleged in Indictment, but 11.6 grams of cocaine in psi report; amount not determined by jury; 3)  newly discovered evidence allegedly suppressed at trial by AUSA Downing: a) name of S.A. Neil Ulrich and 13 grams of Cocaine base that formed basis for indictment; b) knowledge of accident reports, names of witnesses that would have testified in Grubbs' favor; c) location and time that Dets. Rolon, Lindsay and Ulrich were at the scene [of the accident]; d) FBI custody report of evidence of 10/25/1998 as to inconsistent Evidence; e) Cox [witness at trial] five years probation, rearrest, convictions, USCA No. 90-3562, 49; f) the suppressed information in psi report in Exhibit 1 and not what [Grubbs] was convicted of in trial; 4) information in psi report of USPO Bishop and Williams as to amount of cocaine was not in indictment and was not submitted to a jury and proven. (Dkt. 6).  Petition dismissed without prejudice.  (Dkt. 7).

5:00-CV-338-OC-10          Grubbs v. Carlylel (sic) I. Holder, Warden

Habeas corpus petition on grounds similar to above: 1) whether newly discovered evidence and mandate of USCA prove actual factual innocence of Petitioner; 2) Whether District Court of U.S. can exercise common law jurisdiction; Petitioner is not liable for Exhibit 1, 57160, Robert Earl Lee; the evidence identified by Cox (11.6 grams of white cocaine) is not identical to the evidence submitted by S.A. Ulrich and Det. Linday on October 24, 25 1988 to FBI custody: fifty pieces of crack cocaine in FBI custody, weight 13 grams, identified by Cox on October 24, 25 1988; 3)

Case No. 8:89-CR-3-T-17

whether alleged suppression by AUSA Downing of
evidence favorable to an accused violates due
process where the evidence is material to guilt or
punishment; alleged suppression and failure to
comply with disclosure order: a) name of S.A. Neil
Ulrich and 13 grams of cocaine base that forms the
basis for the indictment; b) alleged knowledge of
accident report, names of all witnesses that would
have testified in [Grubbs'] favor; c) the location and
time that Det. Rolon, Shelly, Ulrich were involved in
the accident; the FBI Custody report of evidence of
October 24, 25 1988, of inconsistent evidence; d)
Det. Shelly indisputably did not receive from Mr. Cox
exhibit 3, 11.6 [grams] white cocaine Id. 55, 56 and
handed it to Ulrich placing exhibit 3 in FBI custody,
October 24, 25 1988; e) Mr. Cox probation; f) the
alleged suppressed information in psi report Id, page
2, par. 7, par. 13 is exhibit 1, 57160 name Robert Earl
Lee evidence, not what [Grubbs] was indicted or
convicted for; 4) whether the admitted document of
letter from U.S.P.O. Les Zorn indisputably proves
[Grubbs'] "actual factual innocence." (Dkt. 1).  Case
dismissed without prejudice.  (Dkt. 4).

8:00-CV-2394-T-30TGW   Grubbs v. Carlylel I. Holder

Habeas corpus petition on grounds similar to above:
1) whether newly discovered evidence, of "mandate"
legal judgment of USCA proves [Grubbs'] actual
factual innocence; 2) whether Circuit Courts,
Governments of the United States can exercise
common law jurisdiction in cases. [Petitioner] is not
liable for exhibit 1, 57160, Robert Earl Lee; evidence
presented to grand jury by Neil Ulrich, 13 grams of
cocaine base, is contrary evidence to evidence
submitted at trial, 11.6 grams of white cocaine,
identified by Mr. Cox, submitted by Ulrich and Lindsay
October 24, 25, 1988 to FBI custody: fifty pieces of
crack in FBI custody, identified by Mr. Cox; the
evidence utilized by AUSA Downing, 6 grams
cocaine, for [crime] on October 24, 1988, is contrary
to FBI custody report of crack cocaine on October 24,
25, 1988 submitted by Ulrich and Lindsay; 3) whether

Case No. 8:89-CR-3-T-17

the alleged suppression by AUSA Downing of
evidence favorable to an accused upon request
violates due process where the evidence is material
either to guilt or punishment; AUSA Downing
allegedly did not comply with the Court's disclosure
order: a) the name of Neil Ulrich and 13 grams of
cocaine base tested positive that ultimately formed
the basis for the indictment; b) the accident report,
the names of all witnesses that would have testified in
[Petitioner's] favor; c) the location [and] time of Dets.
Rolon, Lindsay, Agent Ulrich's involvement in the
accident; d) the FBI custody report of ultimate
contrary evidence identified by Mr. Cox October 24,
25, 1988; e) Det. Shelly indisputably did not receive
from Mr. Cox exhibit 3, 11.6 [grams] cocaine, Id. 55,
56 and handed it Ulrich, Id., 62, 63 placing exhibit 3 in
FBI custody, particular on October 24, 1988; f) Ulrich
ultimately did not sen[d] exhibit 1, 57160 to DEA
Laboratory Id, 62, 63, contrary evidence; g) Mr. Cox
probation; h) the suppress[ion] of information in psi
report Id, page 2, par. 7, par. 13 is contrary evidence
exhibit 1, 57160;
4) Whether the admitted submitted document by

letter

from U.S.P.O. Les Zorn indisputably proves [Grubbs']
actual factual innocence. (Dkt. 1).  Petition dismissed
with prejudice. (Dkt. 2).

8:01-CV-2303-T-30MAP     Grubbs v. Carlyle I. Holder

Habeas corpus petition: 1) District Court entered
Judgment of conviction without jurisdiction or

statutory

or "Constition of the Fifth Amendment"; 2) District
Court entered without jurisdiction an illegal sentence
beyond the statutory provision authority of the Court
to impose by Sentencing Guideline or Fifth
Amendment. (Dkt. 1).  Case dismissed as successive
petition. (Dkt. 6).

8:02-CV-832-T-23MAP     Grubbs v. Department of Justice

Prisoner civil rights complaint. (Dkt. 1).  Transferred

Case No. 8:89-CR-3-T-17

to Ocala. (Dkt. 9).

5:02-CV-210-OC-10GRJ    Grubbs v. Department of Justice

Prisoner civil rights complaint. (Dkt. 1): 1) DOJ did not comply with [Grubbs'] request for release of records under Freedom of Information Act; 2) DOJ deprived Petitioner of liberty without due process of law. Petitioner seeks release of records, court costs, and referral of AUSA Downing to Office of Professional Responsibility for investigation of whether AUSA Downing violated the law or engaged in professional misconduct. Case dismissed without prejudice, after Notice of Voluntary Dismissal filed. (Dkts. 12, 13).

5:04-CV-325-OC-10GRJ    Grubbs v. Carlyle Holder, Warden, Bureau of Prisons, United States Probation Department, United States Government. Civil rights complaint seeking declaratory and injunctive relief, correcting alleged inaccurate information in PSI report, stating that Complaint should be construed as a petition for writ of habeas corpus, seeking recalculation of sentence based on reallocation of drug amounts, reducing term of incarceration. (Dkt. 1). Amended civil rights complaint (Dkt. 6) alleging unlawful disclosures pursuant to 5 U.S.C. Sec. 552a section (b); alleging that BOP and USPO as agencies maintained incorrect information in [Grubbs'] inmate files, that BOP and USPO made a determination under subsection (d)(3) not to amend [Grubbs'} record in accordance with his request. Attachments to Complaint include challenge to amount of cocaine in PSI report, with subsequent determination of base offense level of 26. Plaintiff Grubbs seeks damage award of $5,000,000 due to failure to BOP, USPO and the U.S. Government to amend or expunge the allegedly inaccurate information. (Dkt. 6). Second Amended Complaint for violation of civil rights against Bureau of Prisons and United States Probation Department, alleging violation of Plaintiff's First Amendment rights, that BOP and USPO as agencies maintained incorrect information in [Grubbs'] inmate files and made a determination not to amend or

8

Case No. 8:89-CR-3-T-17

review [Grubbs'] record in accordance with his request. Count I alleges intentional unlawful disclosure, denial of due process, and irreparable injury. Count II alleges intentional violation of duty of agencies to maintain accurate, relevant, timely, complete records reasonably necessary to assure fairness to [Grubbs], causing irreparable injury to Plaintiff. Count III alleges intentional violation of duty prohibiting agency from maintaining records describing how individual exercises right guaranteed by First Amendment, unless authorized by statute or pertinent to and within scope of authorized law enforcement activity, causing irreparable injury to Plaintiff. Plaintiff seeks: 1) a name-clearing hearing; 2) correction of agency records; 3) forbidding agency wrongful disclosure; 4) correct the denial of due process; 5) money damages of $5,000,000; 6) amendment or expungement of agency records; 7) other appropriate relief. (Dkt. 10). Defendants moved to dismiss for lack of subject matter jurisdiction or for summary judgment. (Dkt. 22). Plaintiff moved to voluntarily dismiss the USPO as a defendant, which

the Court granted. (Dkt. 30). The Court granted the Motion to Dismiss with prejudice, on the basis of res judicata. Plaintiff had litigated the Privacy Act claims in Case No. 1:02-CV-1556-RBW, in the United States District Court for the District of Columbia. (Dkt. 32).

8:07-CV-1189-T-17    Grubbs v. St. Petersburg Police Department, Betty Long, Jane or John Doe, Charles Harmon, David Lindsay, Roberto Rolon, Kathleen Shelley.

Prisoner civil rights complaint against St. Petersburg Police Department and individual employees, alleging deprivation of civil rights under 42 U.S.C. Sec. 1983, conspiracy to interfere with civil rights under 42 U.S.C. Sec. 1985(3), and neglect to prevent conspiracy to interfere with civil rights under 42 U.S.C. Sec. 1986. Plaintiff further alleges violations of Fifth Amendment, Sixth Amendment, Seventh Amendment, Thirteenth Amendment, Fourteenth Amendment. (Dkt. 1). Plaintiff alleges a conspiracy

Case No. 8:89-CR-3-T-17

to deprive Plaintiff of public records as to auto accident of Detective Rolon, the names of passengers involved in accident; the EMT report for Det. Rolon and passengers, the alleged failure of Det. Shelley to have a chain of custody report for evidence of the drug involved in the incident for which Plaintiff was charged; alleged omission of name known by Det. Shelley (Robert Earl Lee); alleged denial of due process and equal protection to Plaintiff receiving copies of public information of Detectives' records; alleged denial of Plaintiff's right to compulsory process for obtaining witnesses in Plaintiff's favor, violation of Sixth and Fourteenth Amendments. Plaintiff alleges that Defendants Long, Rolon, Lindsay, Shelley, Jane Doe and John Doe willfully subjected Plaintiff to intentional deprivation of rights secured by Fifth, Sixth, and Fourteenth Amendments. Plaintiff further alleges that Defendants Harmon, Long, Rolon, Lindsay, Shelley, Jane Doe and John Doe conspired to deprive Plaintiff of rights to public records through a custom and usage of the State of Florida as to: 1) Det. Rolon's alleged omission of accident, time and location of accident; 2) Det. Lindsay's alleged omission of performing first aid at the accident; 3) the omission of EMT report of Det. Rolon and passengers; 4) alleged omission of Det. Shelley's failure to have a chain of custody report for evidence of the drug through a custom and usage of the State of Florida; 5) the omission of test results, and omission of name known by Det. Shelley, Robert Earl Lee, through a; custom and usage of State of Florida.  Plaintiff alleges denial of due process and equal protection to receive copies of public information, in violation of Fifth and Fourteenth Amendments, and denial of Plaintiff's right to have compulsory process for obtaining witness in Plaintiff's favor in violation of Sixth and Fourteenth Amendments.  Plaintiff further alleges that Defendants Harmon, Long, Rolon, Lindsay, Shelley, Jane Doe and John Doe intentionally deprived Plaintiff of rights protected by Fifth Amendment, Sixth Amendment, and Fourteenth Amendment.  As to relief, Plaintiff seeks the following:

Case No. 8:89-CR-3-T-17

| | | |
|---|---|---|
| Betty Long | individual capacity, $5,000,000 as to Count I | |
| Betty Long | official capacity, punitive damages of $7,000,000, as to Count I | |
| Charles Harmon | individual capacity, $5,000,000 as to Count II | |
| Charles Harmon | official capacity, punitive damages of $7,000,000 as to Count II | |
| David Lindsay | individual capacity, $5,000,000 as to Count I | |
| David Lindsay | official capacity, punitive damages of $7,000,000 as to Count I | |
| Roberto Rolon | individual capacity, $5,000,000 as to Count I | |
| Roberto Rolon | official capacity, punitive damages of $7,000,000 as to Count I | |
| Kathleen Shelley | individual capacity, $5,000,000 as to Count I | |
| Kathleen Shelley | official capacity, punitive damages of $7,000,000 as to Count I | |

Plaintiff further seeks other appropriate relief. (Dkt. 1). Case dismissed without leave to amend, due to futility, pursuant to 28 U.S.C. Sec. 1915(e)(2)(B)(ii). (Dkt. 5).

B. Petition for Writ of Error Coram Nobis

Case No. 89-CR-3-T-17MAP

Petitioner Grubbs has raised all of the issues in this case in prior litigation, through appeals, habeas petitions, 2255 petitions, mandamus petitions, and civil complaints.  Petitioner Grubbs did not obtain any of the relief Petitioner sought by Petitioner's continuous litigation since Petitioner's conviction and sentence.  Because Petitioner has not demonstrated that "there is and was no other available avenue of relief," Alikhani, 200 F.3d at 734, Petitioner Grubbs is not entitled to a writ of error coram nobis.  There are no compelling circumstances present in this case that would justify granting the extraordinary relief of a writ of error coram nobis.  Accordingly, it is

ORDERED that Petitioner's Petition for Writ of Error Coram Nobis (Dkt. 368) is denied, and the Motion to Expedite(Dkt. 369) is denied as moot.

DONE and ORDERED in Chambers, in Tampa, Florida on this 15th day of November, 2013.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record